E-FILED
Thursday, 05 February, 2015  10:13:52 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LARRY D. DUDLEY, JR.,<br>    Plaintiff,<br><br>v.<br><br>PATTON-RING and TRAVELERS INSURANCE,<br>    Defendants. | Case No. 1:15-cv-01060-JES-JEH |

## Order

    Federal courts are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v Guardian Life Insurance Co of America*, 511 US 375, 377 (1994), quoted by *Exxon Mobil Corp v Allapattah Services, Inc*, 545 US 546, 552 (2005).  Their jurisdiction is generally defined in 28 USC § 1331 and § 1332.  It is presumed that a cause lies outside the limited jurisdiction, *Kokkonen*, 511 US at 377, and it is a plaintiff's obligation to plead sufficient information so that the court may determine whether the subject matter of the dispute may be brought within that limited jurisdictional purview.

    A review of Plaintiff's complaint in this matter reveals no apparent basis for this Court to exercise its jurisdiction over this dispute. Although the case was filed as a civil rights case (using a form Pro Se Civil Rights Complaint (Non-Prisoner)), the allegations of the Complaint call that characterization into question.

    In this case, the Complaint provides that the Plaintiff was fired from his job in retaliation for filing a workman's compensation claim against Travelers Insurance.  (Doc. 1 at pg. 2).  Defendants are an individual named Ralph Ring

and Travelers Insurance.[1] There is nothing in the Complaint from which it might be inferred that this is a civil rights case over which the federal court would have jurisdiction. It therefore appears to the Court that subject matter jurisdiction is lacking.

Rather than dismissing the case, however, the Court will allow the Plaintiff one opportunity to amend his complaint in a manner that makes the basis of jurisdiction clear. The Plaintiff has leave to file, within 21 days of this date, an amended complaint, setting out the basis for this Court's jurisdiction over the subject matter of this dispute. The Plaintiff must also clearly identify who the Defendants are in both the caption of his amended complaint and the body of his amended complaint. Failure to file such complaint will result in dismissal of this lawsuit for lack of jurisdiction.

Entered on February 5, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

---

[1] Though the Plaintiff listed only Ralph Ring as a Defendant in the body of his Complaint, he listed "Patton-Ring" and "Travelers Insurance" as Defendants in the caption of the case.